UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEOIL AGENCY CO., LTD., <br><br> Plaintiff, <br> v. <br><br> CAMDEN SEAFOODS INTERNATIONAL, LLC, et al., <br><br> Defendants. | CASE NO. C16-1344JLR <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

Before the court is Plaintiff SEoil Agency Co., Ltd.'s ("SEoil") motion for default judgment against Defendants Camden Seafoods International, LLC, and the F/V Tigil. (Mot. (Dkt. # 19).)  For the second time, SEoil has failed to comply with the requirements of Local Civil Rule 55(b).[1]  (See 10/31/16 Order (Dkt. # 14).)  Accordingly, the court DENIES SEoil's motion without prejudice.

---

[1] The Local Civil Rules "apply to all civil cases, including admiralty and maritime proceedings, but if in any instance one of those rules is inconsistent with a [Local] Admiralty Rule, the [Local] Admiralty Rule shall control." Local Rules W.D. Wash. LAR 100.

ORDER - 1

In federal court, the post-judgment interest rate is pegged to "to the weekly average [one]-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" entry of judgment. 28 U.S.C. § 1961(a). When a plaintiff "claims that an interest rate other than that provided by 28 U.S.C. § 1961" applies, Local Civil Rule 55(b)(2)(B) specifically requires the plaintiff to "state the . . . reasons for applying it." Here, SEoil seeks post-judgment interest "at the rate of 12% per annum." (Mot. at 2.) In two declarations, SEoil asserts that "12% per annum" is the "statutory rate," but neither declaration explains what statute authorizes that rate of post-judgment interest. (Young Decl. (Dkt. # 20) ¶ 4; Kim Decl. (Dkt. # 21) ¶ 8.) However, SEoil did not explain its deviation from the post-judgment interest prescribed in Section 1961. (*See generally* Mot.)

In addition, SEoil does not adequately explain how it derived the asserted $199,439.64 in prejudgment interest that it asserts is due. (*Id.* at 2.) SEoil merely asserts that it charges two percent interest on open invoices. (Kim Decl. ¶ 7.) However, SEoil fails to establish its authority to charge this rate or why the rate is the appropriate prejudgment interest to apply in this lawsuit. *See* Local Rules W.D. Wash. LCR 55(b)(2)(B); *see also* Local Rules W.D. Wash. LAR 155 ("Unless the court directs otherwise, an award of prejudgment interest shall be computed at the same rate authorized in 28 U.S.C. § 1961 . . . ."). SEoil merely points the court to an 82-row spreadsheet, only three of which are relevant to this lawsuit, and leaves the court to hunt for the relevant rows in the spreadsheet. (*See* Kim Decl. ¶ 7, Ex. D at Rows 51, 57, 61.)

Moreover, even after identifying the relevant rows, the court cannot determine how often SEoil compounded interest and whether such compounding was proper. (*See id.*)

Local Civil Rule 55 places a heavy legal and evidentiary burden on a party seeking entry of default or a default judgment because such relief is obtained without the benefit of the adversarial process. SEoil fails to satisfy that burden. The court accordingly DENIES SEoil's motion for default judgment (Dkt. # 19) without prejudice to renewing the motion in a manner that comports with the governing rules of procedure.[2]

Dated this 7th day of February, 2017.

JAMES L. ROBART
United States District Judge

---

[2] The court CAUTIONS counsel that future failures to comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and the Local Admiralty Rules may result in sanctions.

ORDER - 3