HONORABLE JAMES L. ROBART

THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SEOIL AGENCY CO, LTD., a Korean corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>CAMDEN SEAFOODS INTERNATIONAL, LLC, a Washington limited liability company, *in personam*, and the F/V TIGIL, her engines, equipment, apparel, and appurtenances, *in rem*,<br><br>      Defendants,<br><br>and<br><br>303 NORTHEAST NORTHLAKE WAY, LLC, a Washington limited liability company,<br><br>      Intervenor, | IN ADMIRALTY<br><br>Case No.: 2:16-cv-01344-JLR<br><br>**COMPLAINT IN INTERVENTION BY DEFENDANT 303 NORTHEAST NORTHLAKE WAY, LLC** |

    Intervenor 303 Northeast Northlake Way, LLC ("NNW"), by and through counsel, Holmes Weddle & Barcott, for its Complaint in Intervention, hereby alleges:

**JURISDICTION AND PARTIES**

    1.    This action is an admiralty and maritime dispute within the meaning of Rule 9(h)

COMPLAINT IN INTERVENTION - 1
Case No. 2:16-cv-01344-JLR

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

of the Federal Rules of Civil Procedure and the Court's jurisdiction over this action rests in 28 U.S.C. § 1333.

2. Intervenor NNW is a Washington limited liability company that does business in Seattle, Washington.

3. SEoiL Agency Co., Ltd., ("SEoiL") is a Korean company that does business in Seattle, Washington.

4. On information and belief, the F/V TIGIL is owned and operated by the Russian Federation.

5. Defendant Camden Seafoods International, LLC, is a Washington limited liability company, which was doing business in Seattle, Washington.

**FACTUAL ALLEGATIONS**

6. NNW owns a dock at 303 NE Northlake Way in Seattle, Washington.

7. The fishing vessel TIGIL is now and has been moored at NNW's dock for many years.

8. Total past moorage for the TIGIL is due to NNW in the approximate amount of $98,000.00.

9. The moorage bill entitled NNW to a maritime lien against the TIGIL.

10. On information and belief, in 2013, SEoiL provided necessaries to the TIGIL.

11. As a result of providing necessaries, SEoiL was also entitled it to a maritime lien against the TIGIL.

12. On information and belief, SEoiL's lien value was nearly $500,000.00.

13. The lien of NNW was superior in right to that of SEoiL.

14. In August 2016, SEoiL desired to arrest and sell the TIGIL to satisfy its lien claim, but the superior lien held by NNW made it economically infeasible.

COMPLAINT IN INTERVENTION - 2
Case No. 2:16-cv-01344-JLR

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

15. NNW's rate for moorage at that time was $2,500.00 per month. Moorage is due on the first of each month for the following month.

16. The parties reached an agreement in which SEoiL agreed to pay NNW $2,000.00 per month from the time the vessel was arrested through dismissal of suit, or sale of the TIGIL, whichever was earlier. In exchange, NNW would subordinate its maritime lien claim to that of SEoiL ("Subordination Agreement"). A copy of the Subordination Agreement is attached as Exhibit 1.

17. NNW agreed to the lower moorage rate of $2,000.00 per month in exchange for the certainty of payment promised by SEoiL.

18. On August 24, 2016, SEoiL filed this action, and on September 13, 2016, the TIGIL was arrested.

19. On September 15, 2017, SEoiL paid moorage in the amount of $3,000.00 for the second half of September and all of October 2016.

20. SEoiL failed to pay moorage for the months of November and December 2016, and January 2017.

21. On January 17, 2017, NNW notified SEoiL that it was in default of the agreement and that the moorage rage was therefore increasing to $2,500.00 per month.

22. SEoiL subsequently made two additional payments totaling $7,392.36.

23. On October 11, 2017, an auction was held for the sale of the TIGIL. The TIGIL was sold for one dollar ($1.00).

24. The TIGIL remains moored at NNW's facility.

25. The total amount of moorage accrued for the TIGIL since the time of arrest is $31,500.00. Of that amount, SEoiL has paid NNW a total of only $10,392.36.

COMPLAINT IN INTERVENTION - 3
Case No. 2:16-cv-01344-JLR

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA  98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

26. SEoiL has made no further moorage payments, nor has it made any arrangements to pay moorage due to NNW.

**BREACH OF CONTRACT**

27. NNW reasserts all preceding paragraphs as if fully set forth herein.

28. The Subordination Agreement was a valid and enforceable contract between NNW and SEoiL.

29. NNW performed all obligations under the Subordination Agreement.

30. Under the terms of paragraph 2 of the Subordination Agreement, SEoiL agreed to pay $2,000.00 per month for moorage of the TIGIL, commencing with the arrest of the vessel, which occurred on September 13, 2016.

31. SEoiL materially breached the Subordination Agreement by failing to pay moorage for the months of November and December 2016, and January 2017.

32. As of February 1, 2017, SEoiL became liable for a default moorage rate of $2,500.00 per month.

33. SEoiL continued to materially breach the Subordination Agreement by failing to become current on moorage payments at any time.

34. As a direct and proximate cause of SEoiL's breach of contract, NNW lost its priority maritime lien status, and has suffered financial damages, including but not limited to, financial loss of $21,107.64 plus interest, legal fees, and costs reasonably incurred or caused by SEoiL's breach of its obligations under the Subordination Agreement.

**UNJUST ENRICHMENT**

35. NNW reasserts all preceding paragraphs as if fully set forth herein.

COMPLAINT IN INTERVENTION - 4
Case No. 2:16-cv-01344-JLR

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA  98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

36. In the event the facts in this matter establish that there was no contract between NNW and SEoiL for any or all of the period of arrest of the TIGIL, or that such contract was void, NNW herein brings a claim for unjust enrichment.

37. NNW's agreement to subordinate its maritime lien claim to SEoiL enabled SEoiL to pursue the arrest and sale of the vessel so that SEoiL could attempt to collect debt owed by the TIGIL to SEoiL.

38. NNW's subordination of its maritime lien conferred a benefit upon SEoiL, as it has allowed SEoiL to pursue the arrest and sale of the TIGIL without the concern of NNW's superior maritime lien.

39. The benefit was conferred at NNW's expense, who lost its maritime lien claim against the TIGIL.

40. NNW has been impoverished in the amount of $21,107.64. NNW gave up a maritime lien in the amount of $21,107.64 for no benefit.

**WHEREFORE NNW PRAYS:**

1. That judgment be entered in favor of NNW and against SEoiL;
2. That SEoiL be awarded damages in the amount of $21,107.64 plus all other damages caused by SEoiL's conduct as alleged above;
3. For the award of pre- and post-judgment interest on any and all damages to the maximum extent permitted by law;
4. For an award of costs and attorney's fees as permitted by law; and,
5. For other and further relief as the Court may deem just and equitable.

DATED this 6th day of November, 2017.

COMPLAINT IN INTERVENTION - 5
Case No. 2:16-cv-01344-JLR

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

HOLMES WEDDLE & BARCOTT, P.C.

_____
John E. Casperson, WSBA #14292
999 Third Avenue, Suite 2600
Seattle, Washington 98104
Telephone: (206) 292-8008
Facsimile: (206) 340-0289
Email:     jcasperson@hwb-law.com
Attorneys for 303 Northeast Northlake Way, LLC

CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, of the laws of the United States, that on the 6th day of November 2017, I electronically filed the above document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Markos Scheer
Williams Kastner
Two Union Square
601 Union Street, Ste 4100
Seattle, WA 98101
Email: mscheer@williamskastner.com
jyoung@williamskastner.com

_____
Starla Trotter, Legal Assistant

COMPLAINT IN INTERVENTION - 6
Case No. 2:16-cv-01344-JLR

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289